## THE SHELBOURNE.[1]

### QUINN v. THE SHELBOURNE.

*(District Court, S. D. Alabama. March 30, 1887.)*

1. MARITIME LIENS—SEAMEN'S WAGES—REMEDY IN REM AND IN PERSONAM.
   Rev. St. U. S. §§ 4530, 4546, afford seamen a simple and cost-saving mode of recovering their wages if they are not paid within 10 days from the time when they ought to be paid, or if any dispute has arisen between the master and seamen touching wages before the expiration of 10 days; but it does not prevent a seaman from maintaining an action at common law for the recovery of his wages, or having immediate process out of any court having admiralty jurisdiction wherever the vessel may be found, in case she shall have left the port of delivery, where her voyage ended, before the payment of wages, or in case she shall be about to proceed to sea before the end of 10 days next after the delivery of her cargo or ballast, or in case his wages have not been paid within 10 days after the time when the same ought to have been paid.

2. SAME—SUMMONING MASTER.
   The terms of the statute are not mandatory, but permissive; the words "may summon the master" are to be construed as meaning "is at liberty to summon," and the remedy thereby provided is cumulative, not exclusive.

3. SAME—SECURITY FOR COSTS.
   Security for costs is not required in cases of this character.

In Admiralty. Exceptions to libel.

*Smith & Gaynor*, for libelant.

*G. L. & H. T. Smith*, for respondent.

TOULMIN, J. The libel in this case is for seaman's wages, and they are claimed to be due because of alleged breaches of the contract of hiring. It is averred that the articles under which the libelant shipped, provided for voyage not to exceed 18 months, and to be made between ports in the United Kingdom of Great Britain and Nova Scotia, in

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.

British America, and it is claimed that there was a deviation from this voyage; that the libelant was subjected to cruel treatment, and that there were other breaches of the contract which entitled him to his discharge, and to the payment of his wages; that he had demanded these of the master, and they had been refused him. He prays the court to decree him the payment of said wages and costs. The libel shows that the ship took on a cargo at West Bay, Nova Scotia, to be delivered at Bordeaux, France, and was there discharged about October 1, 1886; thence proceeded on a voyage to South Pass, New Orleans, United States, on or about December 3, 1886; and after a few days proceeded thence to the port of Mobile. On the third January, 1887, the libel was filed. There is no allegation in the libel as to when the wages were due, nor when they were demanded by the libelant and payment refused, and no allegation that 10 days had elapsed after the time when the wages ought to have been paid, and no allegation that a dispute had arisen between the master and libelant touching wages. There are exceptions filed to the libel, on the ground that no security for costs was given by the libelant, and that he was a foreign seaman; that it is not alleged that 10 days had elapsed after the time when the wages ought to have been paid; and that the master of said ship was not summoned, either by the district judge where the vessel was and is, or before any judge or justice of the peace, or commissioner of the circuit court, to show cause why process should not issue against said vessel, and that it was not certified to the clerk of the district court that there was sufficient cause of complaint on which to found an admiralty process; but, on the contrary, such process was issued without such proceedings and certificate.

I overrule the first ground of exception. The practice in admiralty is to exempt seamen from giving security for costs on account of their presumed inability to do so.

We will now consider the other exceptions, and, *first*, that on the ground that it is not alleged in the libel that 10 days had elapsed after the time when the wages ought to have been paid. As soon as the voyage is ended, and the cargo or ballast fully discharged at the last port of delivery, every seaman shall be entitled to the wages which shall be then due according to his contract; and whenever the wages of any seaman are not paid within 10 days after the time when the same ought to be paid, or any dispute arises between the master and seaman touching wages, the district judge of the district where the vessel shall be, or a justice of the peace, or a commissioner of the circuit court, may summon the master of such vessel to appear before him, and show cause why process should not issue against said vessel. Rev. St. §§ 4530, 4546. Under the statute, as a general rule, no proceeding against the vessel can be had until the lapse of 10 days after the time when the wages ought to have been paid. But there are three exceptions to this rule: As where any dispute shall arise between the master and seaman touching wages; where the vessel shall have left the port of delivery, where her voyage ended, before payment of the wages; or in case she shall be about to proceed to sea before the end of the 10 days next after the delivery of her

cargo or ballast.   In either case the seaman may have immediate process out of any court having admiralty jurisdiction; and, in the first event,—that is, where any dispute has arisen,—he may apply to a district judge, justice of the peace, or commissioner, for process.   The allegations of the libel do not bring this case under either of the exceptions mentioned. Hence, in order to maintain this libel, it must show distinctly that the wages were due, and ought to have been paid, 10 days before the process was sued out of this court against the vessel.

In my opinion, it was not necessary that the master of the vessel should have been summoned by the district judge or a justice of the peace or a commissioner of the circuit court to show cause why process should not issue against the vessel, before admiralty process could issue, nor was it necessary for it to be certified to the clerk of the district court that there was sufficient cause of complaint on which to found an admiralty process.   But, after the lapse of 10 days from the time the wages were due, the libelant had the option to proceed by application to the district judge or a commissioner for a summons to the master, or to apply directly to the admiralty court for its process.   The language of the statute is, the district judge or commissioner "may summon the master."   What is the meaning of the auxiliary verb "may" in this statute?   I take it to mean *to be at liberty to summon; to be permitted to summon.*   I construe the statute as authorizing the district judge or commissioner to summon the master, and not as requiring him to do so. This is an enabling statute.   It affords a cumulative, not an exclusive, remedy.   It is permissive, not imperative.   I am sustained in this construction of the statute by the original act passed on this subject, and from which section 4546 of the Revised Statutes was framed.   By reference to that act it will be seen that the language there used is: "It shall be lawful for the district judge or commissioner to summon the master," etc.   That he is permitted and authorized to summon the master is clearly the meaning.   By the general law, when the seaman's wages were due and payable, he had the right to immediate process out of any court having admiralty jurisdiction for the recovery of his wages; and he had not the right to the simpler and less expensive proceeding of applying to the district judge or commissioner for a summons to the master, as now provided by statute.   While this statute furnishes the seaman a simple and cost-saving mode of recovering his wages if they are not paid within 10 days after the time when the same ought to be paid, or if any dispute has arisen between the master and seaman touching wages before the expiration of 10 days, it does not prevent him from maintaining an action at common law for the recovery of his wages, or having immediate process out of any court having admiralty jurisdiction wherever the vessel may be found, in case she shall have left the port of delivery, where her voyage ended, before payment of the wages, or in case she shall be about to proceed to sea before the end of 10 days next after the delivery of her cargo or ballast, or in case his wages have not been paid within 10 days after the time when the same ought to have been paid.   *The William Jarvis,* 1 Spr. 485.